# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **ZICRI JOEL FLORES,** | § | |
| | § | |
| ***Petitioner*,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; ACTING DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; FIELD OFFICE DIRECTOR, ICE ENFORCEMENT AND REMOVAL OPERATIONS; AND WARDEN OF LIMESTONE COUNTY DETENTION CENTER,** | § | **No. 6:26-CV-00534-LS** |
| | § | |
| ***Respondents*.** | § | |

## ORDER DENYING MOTION TO PREVENT TRANSFER OR REMOVAL

Petitioner Zicri Joel Flores filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] He also filed an emergency motion to prevent his transfer or removal.[2] For the following reasons, the Court denies Petitioner's motion.

## I. LEGAL STANDARD.

The elements required to grant a motion for injunctive relief are:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.[3]

---

[1] ECF No. 1.
[2] ECF No. 2.
[3] *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

When the government is the opposing party, the third and fourth elements merge.[4] The district court has discretion as to whether to grant or deny injunctive relief.[5]

## II. ANALYSIS.

With respect to Petitioner's request not to be transferred, the Court notes that transfer would not impair the Court's jurisdiction over Petitioner's habeas petition. "[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change."[6] And a district court does not have jurisdiction to issue a stay of removal from the United States under 8 U.S.C. § 1252(g), which strips a court of jurisdiction to hear claims "arising from the decision or action by the Attorney General to . . . execute removal orders."[7]

## III. CONCLUSION

For this reason, Petitioner's motion to prevent transfer or removal [ECF No. 2] is denied.

**SO ORDERED**.

**SIGNED** and **ENTERED** on August 18, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

[4] *Texas v. U.S. Dep't of Homeland Sec.*, 700 F. Supp. 3d 539, 544 (W.D. Tex. 2023) (quoting *Nken v. Holder*, 556 U.S. 418, 435–36 (2009)).
[5] *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).
[6] *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) (quoting *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985)); *see also McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir. 1978) ("Jurisdiction attached upon the initial filing for habeas corpus relief. It was not destroyed upon the transfer of petitioner and accompanying custodial change.").
[7] *See Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) (stating that the district court lacked jurisdiction to grant a request for a stay of removal); *Idokogi v. Ashcroft*, 66 F. App'x 526, 2003 WL 21018263, at *1 (5th Cir. 2003) (same); *Fabuluje v. Immigr. and Naturalization Agency*, 244 F.3d 133, 2000 WL 1901410, at *1 (5th Cir. 2000) (same).